UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Brent R. Wilcox, *et al.*,

                      Plaintiffs,

                                              Civ. No. 14-2798 (RHK/FLN)
                                              **ORDER**

v.

State Farm Fire and Casualty Company,

                      Defendant.

---

      This matter is before the Court on the January 15, 2015 Report and Recommendation (Doc. No. 20) of Magistrate Judge Noel, which recommended that Defendant's Motion to Dismiss (Doc. No. 4) be granted in part and denied in part. Specifically, it recommended the Court 1) deny the Motion as to Count I, or alternatively, certify the following question to the Minnesota Supreme Court: "May an insurer, in determining the 'actual cash value' of a covered loss under an indemnity insurance policy, depreciate the costs of labor when the term 'actual cash value' is not defined in the policy?"; 2) grant the Motion as to Counts II and III; and 3) deny the Motion as to Count IV.

      Defendant has filed Objections (Doc. No. 22) to the Report and Recommendation, to which Plaintiffs have responded (Doc. No. 30). Having reviewed the Report and Recommendation and the underlying Motion *de novo*, <u>see</u> 28 U.S.C. § 636, and having carefully considered the Objections and the response thereto, the Court concludes that Judge Noel's recommendation is supported by the record in this case and by controlling

legal principles.  Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED**:

    (1)    Defendant's Objections (Doc. No. 22) are **OVERRULED**;

    (2)    the Report and Recommendation (Doc. No. 20) is **ADOPTED**, except that the Court does *not* adopt Judge Noel's recommendation to deny the Motion as to Count I. Rather, as to Count I, the Court adopts Judge Noel's alternative recommendation for certification.  Pursuant to Minn. Stat. § 480.065, the following question will be certified to the Minnesota Supreme Court:

> May an insurer, in determining the "actual cash value" of a covered loss under an indemnity insurance policy, depreciate the costs of labor when the term "actual cash value" is not defined in the policy?

A separate Order of Certification will follow.

Minn. Stat. § 480.065, subd. 6(a)(2) requires that the Order of Certification include "the facts relevant to the question, showing fully the nature of the controversy out of which the question arose."  Subdivision 6(b) further provides that "[i]f the parties cannot agree upon a statement of facts, the certifying court shall determine the relevant facts and state them as part of its certification order."  Accordingly, the parties **SHALL** meet and confer prior to March 18, 2015, regarding a proposed statement of facts for the certification order.  On or before March 25, 2015, the parties **SHALL** submit to the Court 1) an agreed, joint statement of facts, or 2) a statement of agreed-upon facts together with separate submissions of additional facts upon which the parties cannot agree, or 3) a separate proposed statement of facts by each party.  All statements of facts submitted to

this Court shall be supported by citations to the record. There will be no responses to the proposed statements of facts;

(3) Defendant's Motion to Dismiss (Doc. No. 4) is **GRANTED** as to Counts II and III and those Counts are **DISMISSED WITH PREJUDICE**, and **DENIED** as to Count IV; and

(4) all further proceedings in this matter, except as directed above, are **STAYED** pending further order of the Court.

Date:  March 4, 2015                                     s/Richard H. Kyle
                                                         RICHARD H. KYLE
                                                         United States District Judge