UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Brent R. Wilcox et al.,<br>*individually and on behalf of*<br>*all others similarly situated* | Civil No. 14-2798 (RHK/FLN) |
| Plaintiffs, | **ORDER AND**<br>**REPORT AND** |
| v. | **RECOMMENDATION** |
| State Farm Fire and Casualty Co., | |
| Defendant. | |

T. Joseph Snodgrass and Kelly Lelo for Plaintiffs.
Todd Noteboom for Defendant.

**THIS MATTER** came before the undersigned United States Magistrate Judge on Defendant State Farm Fire and Casualty Company's ("State Farm") motions to dismiss (ECF Nos. 51 and 58),[1] to strike class allegations (ECF No. 61), and for a protective order (ECF No. 63). This matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. Order, ECF No. 44. Following the hearing, Plaintiffs' requested to file a Notice of Supplemental Authority in Opposition to Defendants pending Motions to Dismiss and to Strike Class Allegations (ECF No. 80). For the reasons set forth below, the Court recommends that State Farm's motion to dismiss be **DENIED** and its motion to strike class allegations be **GRANTED**. Additionally, the Court orders that State Farm's motion for a protective order is **DENIED** and

---

[1] On April 22, 2016 State Farm filed a motion to dismiss Plaintiffs' First Amended Complaint. Mot. to Dismiss, ECF No. 51. With leave of Court, Plaintiffs filed a Second Amended Complaint ("SAC") rendering State Farm's motion moot. SAC, ECF No. 57. On June 23, 2016, State Farm filed the present motion to dismiss Plaintiffs' SAC. Mot. to Dismiss, ECF No. 58.

Plaintiffs' request to file a Notice of Supplemental Authority is **GRANTED**.

## I. FINDINGS OF FACT

This case arises from an insurance contract dispute between Plaintiffs Brent and Leah Wilcox and Defendant State Farm. *See* Second Amended Compl. ¶¶ 3–19, ECF No. 57 [hereinafter SAC]. Plaintiffs contracted with State Farm for a homeowners insurance policy ("the Policy") that provided coverage for certain losses to a dwelling and other structures owned by Plaintiffs. SAC ¶ 3. The Policy provides, in relevant part, that "in the event of partial loss State Farm may fulfill its initial contract obligation to an insured party by paying the [actual cash value] of the loss." SAC ¶ 51; *see also* Noteboom Decl. Ex. 1, at 28, ECF No. 7 ("we will pay only the actual cash value at the time of the loss of the damaged part of the property . . . not to exceed the cost to repair or replace the damaged part of the property"). The term "actual cash value" ("ACV") is not defined in the Policy. The Court previously made the following findings of fact:

> In order to calculate the actual cash value of the loss sustained by an insured, State Farm first calculates the "replacement cost value" ("RCV") of the damaged property. While the Policy itself does not define RCV, the written estimate provided to Plaintiffs defined RCV as the estimated cost to repair or replace damaged property.
>
> . . .
>
> Next, State Farm deducts the pre-loss depreciation of the damaged part of the insured's home. Again, the Policy does not define "depreciation," but the estimate defines it as the decrease in the value of property over a period of time due to wear, tear, condition, and obsolescence. . . . The estimate defines "actual cash value" as the repair or replacement cost of the damaged part of the property less depreciation and deductible.

Report & Recommendation 3, ECF No. 20 (internal citations omitted).

On August 6, 2013, Plaintiffs suffered structural storm damage to their dwelling. SAC ¶ 6. After reviewing the damage, State Farm determined that the damage was a covered loss under the

Policy. SAC ¶ 8. Plaintiffs repaired damage to their shingles, roof vents, window screen, and deck, for which they received the RCV of these items. SAC ¶ 13. Plaintiffs, however, never repaired damage to their flashing, aluminum siding, fascia, wood garage door frame, and gutters, and therefore Plaintiffs only received an ACV payment for these items. SAC ¶ 14. In calculating the ACV payment, Plaintiffs allege that State Farm improperly depreciated certain labor costs associated with the damaged property. SAC ¶ 14.

State Farm uses proprietary estimating software called "Xactimate" to calculate how much the RCV of damaged property should be depreciated to arrive at a final ACV amount. SAC ¶¶ 15–22. According to Plaintiffs, the software has "check the box" depreciation settings and "require[s] application of a depreciation calculation methodology that automatically withholds labor depreciation from ACV claim payments without regard to the underlying facts." SAC ¶¶ 20–21. Unless a policyholder is familiar with State Farm's proprietary software, "it is impossible for consumers to know that State Farm has withheld labor depreciation from ACV payments." SAC ¶ 22. Plaintiffs claim that State Farm's "illogical methodoloy" of depreciating labor costs breaches the Policy, and they seek a declaration that State Farm's method of depreciating labor costs through Xactimate violates the Policy. SAC ¶¶ 47–68.[2]

---

[2]
> Plaintiffs initially asserted four claims: a claim for breach of contract, two statutory fraud claims, and a declaratory judgment claim. First Amended Complaint ¶¶ 44–76, ECF No. 1-2. Originally, Plaintiffs' argued that depreciating labor costs categorically resulted in a breach of contract. *Id.* ¶ 49 ("State Farm breached its contractual duty to pay Plaintiffs and putative class members the ACV of their claims by unlawfully depreciating labor costs."). The Court granted State Farm's motion to dismiss as to all claims except for Plaintiffs' breach of contract and declaratory judgment claims. Report and Recommendation, ECF No. 20; Order, ECF No. 35. After the Minnesota Supreme Court issued its opinion, Plaintiffs' filed a Second Amended Complaint stating claims for breach of contract and declaratory judgment on the basis that "State Farm breached its contractual duty to pay Plaintiffs and putative class

This Court certified the question of whether labor costs may be depreciated to the Minnesota Supreme Court. *See* ECF No. 20; Order, ECF No. 35. On February 10, 2016, the Minnesota Supreme Court issued its opinion, wherein it reformulated the certified question as: "[w]hen a homeowner's insurance policy does not define the term 'actual cash value,' may the trier of fact consider labor-cost depreciation in determining the 'actual cash value' of a covered loss when the estimated cost to repair or replace the damaged property includes both materials and embedded labor components?" *Wilcox v. State Farm Fire & Cas. Co.*, 874 N.W.2d 780, 783 (Minn. 2016). The Minnesota Supreme Court observed that under Minnesota's broad evidence rule articulated in *Brooks Realty*, a trier of fact may consider "every fact and circumstance which would logically tend to the formation of a correct estimate of the loss." *Id.* at 784 (citing *Brooks Realty, Inc. v. Aetna Insurance Co.*, 276 Minn. 245, 149 N.W.2d 494 (1967)). Pursuant to the broad evidence rule, the Minnesota Supreme Court held that a trier of fact may "consider embedded-labor-cost depreciation when such evidence logically tends to establish the actual cash value of a covered loss." *Id.* at 784. The Minnesota Supreme Court also acknowledged that "[e]mbedded-labor-cost depreciation, however, is only one of many factors to be considered by the trier of fact; and its relevance depends on the facts and circumstances of the particular case."*Id.*

Given the Minnesota Supreme Court's decision, State Farm now seeks to (1) dismiss Plaintiffs' SAC, (2) strike allegations of class in Plaintiffs' pleading, and (3) stay discovery pending resolution of its motion to strike class allegations.

## II. MOTION TO DISMISS

---

members the ACV of their claims by depreciating labor costs through an illogical methodology." SAC ¶¶ 52, 64; *Wilcox v. State Farm Fire & Cas. Co.*, 874 N.W.2d 780 (Minn. 2016).

The Policy issued to Plaintiffs requires State Farm to pay the ACV of a covered loss suffered by the insured. SAC ¶ 51. Plaintiffs argue that State Farm breached its contractual duty to pay Plaintiffs the ACV of their claims by depreciating labor costs through an illogical methodology (i.e., through default Xactimate depreciation settings). SAC ¶ 52. Plaintiffs also seek a declaration that State Farm's methodology of depreciation breaches the Policy. SAC ¶ 64.

In moving to dismiss Plaintiffs' SAC, State Farm asserts that Plaintiffs have not pled facts sufficient to show the purported pre-loss ACV that Plaintiffs allege they should have received. Def.'s Mem. in Supp. of Mot. to Dismiss 3, ECF No. 66. State Farm believes that this deficiency renders Plaintiffs' claim that they were underpaid conclusory and therefore insufficient under *Iqbal* and *Twombly*. *Id.* State Farm also argues that because Plaintiffs have not satisfactorily pled a breach of contract claim, their claim for declaratory judgment must also be dismissed. *Id.* at 17–19. Plaintiffs state that without discovery into State Farm's Xactimate proprietary software, it is impossible for them to know how much State Farm deducted as labor-costs depreciation in arriving at its ACV calculation. *See generally* Pls.' Opp'n Mem., ECF No. 71.

**A.     Standard of Review**

In analyzing the adequacy of a complaint under Rule 12(b)(6), the Court must construe the complaint liberally and afford the plaintiff all reasonable inferences to be drawn from those facts. *See Turner v. Holbrook*, 278 F.3d 754, 757 (8th Cir. 2002). For the purpose of a motion to dismiss, facts in the complaint are assumed to be true. *In re Navarre Corp. Sec. Litig.*, 299 F.3d 735, 738 (8th Cir. 2002). Nevertheless, dismissal under Rule 12(b)(6) serves to eliminate actions that are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity. *See Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989).

To avoid dismissal, a complaint must allege facts sufficient to state a claim as a matter of law and may not merely state legal conclusions. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must contain enough facts to state a claim for relief that is "plausible on its face," and a claim has facial plausibility only when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 570; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard is not akin to a "probability requirement," but it calls for more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678.

**B.      Analysis**

"Under Minnesota state law, [a plaintiff] must prove the following four elements to succeed on its breach of contract claim: (1) a contract was formed, (2) the plaintiff performed the conditions precedent, (3) the defendant breached the contract, and (4) damages resulted from the defendant's breach." *Datalink Corp. v. Perkins Eastman Architects, P.C.*, No. 13-CV-2978, 2015 WL 3607784, at *3 (D. Minn. June 8, 2015). Here, there is no dispute that Plaintiffs entered into a contract with State Farm for a homeowners insurance policy. SAC ¶ 3. Plaintiffs have pled that they complied with all material provisions and fulfilled their respective duties with regard to their insurance policies. SAC ¶ 50. State Farm argues that in order to show a breach of the policy, Plaintiffs must prove their insurance claim was underpaid and "must allege the value of the property at the time of loss." ECF No. 66 (internal citations omitted). According to State Farm, failing to allege their property's correct ACV is fatal to Plaintiffs' claim that they were underpaid.

After reviewing the record, the Court concludes that Plaintiffs have adequately alleged that they were underpaid in order to survive a motion to dismiss. Plaintiffs' SAC states that State Farm's "illogical methodology" for depreciating labor costs to repair Plaintiffs' property resulted in a lower payment than what Plaintiffs' ACV should have been. The Minnesota Supreme Court made clear that "embedded labor costs *may* be depreciable, depending on the facts and circumstances of the particular case." *Wilcox,* 874 N.W.2d at 784 (emphasis added). It is left to the trier of fact to determine whether State Farm's method of depreciating labor costs is illogical, based on the particular facts and circumstances of Plaintiffs' case. *Id.* This is the quintessential definition of an issue of material fact. While State Farm cites to cases where courts under similar circumstances found dismissal to be appropriate, those cases did not have the benefit of the recent Minnesota Supreme Court decision in *Wilcox*. *Id.* State Farm's motion to dismiss Plaintiffs' SAC must be denied.

### IV. MOTION TO STRIKE CLASS ALLEGATIONS FROM PLEADING

Plaintiffs brought this lawsuit as a class action on behalf of themselves and all others similarly situated pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(1), 23(b)(2), and/or 23(b)(3). SAC ¶ 33. As discussed above, the Minnesota Supreme Court held that "[w]hen a homeowner's insurance policy does not define the term 'actual cash value' or otherwise state whether embedded labor costs are depreciable for the purpose of calculating actual cash value, the trier of fact may consider embedded-labor-cost depreciation when such evidence logically tends to establish the actual cash value of the covered loss." *Wilcox,* 874 N.W.2d at 784. Therefore, a trier of fact must conduct an individualized inquiry into each allegation that a particular claimant was underpaid under the claimant's respective policy. Indeed, Plaintiffs concede that moving forward

as a class could require mini-trials to make these claimant-specific determinations. Pls.' Opp'n Mem. 16–17, ECF No. 69.

In order to maintain a class action under Rule 23(b)(3), a court must find that "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23. "At the core of Rule 23(b)(3)'s predominance requirement is the issue of whether the defendant's liability to all plaintiffs may be established with common evidence." *Avritt v. Reliastar Life Ins. Co.*, 615 F.3d 1023, 1029 (8th Cir. 2010). The Eighth Circuit has held that this predominance requirement is not satisfied where individualized inquiries "overwhelm questions common to the class." *Halvorson v. Auto-Owners Ins. Co.*, 718 F.3d 773, 779–780 (8th Cir. 2013); *see also Kraetsch v. United Serv. Auto. Ass'n*, 4:14-CV-264, 2015 WL 1457015, at *4–5 (E.D. Mo. Mar. 30, 2015) ("While that individualized inquiry is one that the Court could undertake as to [the] plaintiffs, the necessity to do so on a class-wide basis for thousands of policyholders makes this action wholly unsuited for class resolution.").

A court should deny a motion to strike the class allegations unless it is clear from the face of the complaint that a class action cannot be maintained. *Nobles v. State Farm Mut. Auto. Ins. Co.*, No. 10-4175, 2012 WL 4090347, at *2 n.1 (W.D. Mo. Sept. 17, 2012). Here, the Minnesota Supreme Court has made clear that a trier of fact must conduct an individualized inquiry into each claim to determine if a particular plaintiff was underpaid when he or she received the ACV of damaged property from State Farm. *Wilcox,* 874 N.W.2d at 784. This individualized inquiry necessitates separate and distinct evidence from one class member to another, such that the predominance requirement cannot be met. Fed. R. Civ. P. 23. It is therefore clear from the face of the SAC that a

class action under Rule 23(b)(3) cannot be maintained under Minnesota law.

With respect to Rule 23(b)(2), the crux of Plaintiffs' claims is the underpayment under each respective policy for which individualized money damages would provide a remedy. Def.'s Mem. in Supp. of Mot. to Strike 23, ECF No. 67. Rule 23(b)(2) only applies when relief to each member of a class would be provided by a single injunction or declaratory judgment. "It does not authorize class certification when each individual class member would be entitled to a different injunction or declaratory judgment against the defendant. Similarly, it does not authorize class certification when each class member would be entitled to an individualized award of monetary damages." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360–61 (2011). Here, Plaintiffs' individualized monetary claims are not incidental to their claim for injunctive relief and individualized damages would require that relief cannot be provided by a single injunction or declaratory judgment. It is therefore clear from the face of the SAC that a class action under Rule 23(b)(2) cannot be maintained under Minnesota law.

Finally, with respect to Rule 23(b)(1), it is clear from the face of the SAC that prosecuting separate actions by individual class members would not create a risk of (1) inconsistent or varying adjudications, or (2) adjudications with respect to individual class members that would be dispositive of the interests of other members. Fed. R. Civ. P. 23(b)(1). Each member of the purported class must bring a claim under individualized particular facts and circumstances. Each member would have a unique claim for damages with unique facts and circumstances. The Minnesota Supreme Court made clear in *Wilcox* that the trier of fact must consider claims on a case by case basis. 874 N.W.2d at 784. Therefore, an adjudication of underpayment in one case would not be dispositive of the interests of another member's claim. It is therefore clear from the face of the SAC

that a class action under Rule 23(b)(1) cannot be maintained under Minnesota law.

Plaintiffs' cite to *LaBrier v. State Farm Fire & Cas. Ins. Co.*, No. 15-cv-04093, 2016 WL 4005998 (W.D. Mo. July 25, 2016), in support of their opposition to State Farm's motion. While the factual circumstances in *LaBrier* are nearly indistinguishable from the facts present here, Missouri law has not embraced the broad evidence rule or made a finding that it is up to the trier of fact to determine if labor costs should be depreciated. *Wilcox*, 874 N.W.2d at 784. Indeed, the plethora of cases cited by Plaintiffs can be distinguished on the variation of law found in other jurisdictions.[3] *See generally* ECF No. 67. Under the rule articulated by the Minnesota Supreme Court in *Wilcox*, State Farm's motion to strike class allegations from the pleading must be granted.

## V. MOTION FOR PROTECTIVE ORDER

State Farm sought a limited stay of discovery pending adjudication of their motion to strike class allegations. Mot. for Protective Order, ECF No. 63. Because the Court resolves the motion to strike class allegations simultaneously with ruling on State Farm's motion for protective order, the motion is denied.

## VI. RECOMMENDATION

Based upon all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. State Farm's motion to dismiss Plaintiffs' Second Amended Complaint (ECF No. 58)

---

[3] Plaintiffs' supplemental materials can also be distinguished on this basis. In *Dennington v. State Farm Fire & Cas. Co.*, No. 4:14-cv-4001-SOH, ECF No. 142, (W.D. Ark. Aug. 24, 2016) and *Green v. Am. Modern Ins. Co.*, No. 4:14-cv-4074-SOH, ECF No.68 (W.D. Ark. Aug. 24, 2016), the Western District of Arkansas granted class certification. Those classes include all persons and entities that received ACV where the cost of labor was depreciated. *Dennington*, No. 4:14-cv-4001-SOH, ECF No. 142 at 3; *Green*, No. 4:14-cv-4074-SOH, ECF No. 68 at 3.

    be **DENIED**.

2. The Clerk's Office is directed to terminate State Farm's prior motion to dismiss (ECF No. 51) as it is now moot.

3. State Farm's motion to strike class allegations (ECF No. 61) be **GRANTED**.

## VII. ORDER

Based upon the foregoing and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. State Farm's motion to stay discovery pending resolution of its motion to strike class allegations (ECF No. 63) is **DENIED**.

2. Plaintiffs' request to file a Notice of Supplemental Authority in Opposition to Defendants pending Motions to Dismiss and to Strike Class Allegations (ECF No. 80) is **GRANTED**. The supplemental materials have been reviewed and considered by the undersigned.


DATED: September 6, 2016                  *s/Franklin L. Noel*
                                                                  FRANKLIN L. NOEL
                                                                  United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before [date 14 days from R&R date], written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by [same date as above] a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.